IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ABEY BELETTE GIRMA,<br>    ID #1911640,<br>        Petitioner,<br>vs.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | No. 3:17-CV-0710-G (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Extension of Time to File 2254 Federal Writ of Habeas Corpus*, received March 10, 2017 (doc. 3). Based on the relevant findings and applicable law, the this action should be **DISMISSED** for lack of subject matter jurisdiction.

**I.  BACKGROUND**

Abey Belette Girma (Petitioner) is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). He was convicted of capital murder in Cause No. F12-59177 in Dallas County, Texas, on December 5, 2013, and he received a life sentence. *See* www.tdcj.state.tx.us (search for petitioner). He seeks an extension of time to file a federal habeas petition under 28 U.S.C. § 2254 challenging his conviction. He does not set out grounds for habeas corpus review of his custody under a state conviction and sentence.

**II.  JURISDICTION**

Federal courts lack jurisdiction to consider matters regarding a habeas petition until such a petition is actually filed. *See United States v. McFarland*, 125 F. App'x 573, *1 (5th Cir. Apr. 6,

2005) ("Before the [habeas] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory' ") (quoting *United States v. Leon*, 203 F.3d 162,163 (2d Cir. 2000)); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010 at *1 (N.D. Tex. Dec. 23, 2008) (federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]") (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982) (other citations omitted).  A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy.  *Gray*, 2008 WL 5385010 at *1 (citing *Juidice v. Vail*, 430 U.S. 327, 331 (1977) (other citations omitted)).

Here, Petitioner asks for an extension of time to file a federal habeas petition.  Because he does not set out grounds for habeas corpus review of his custody under a state conviction and sentence, his filing may not be construed as a § 2254.  A ruling on his motion for an extension of time to file a § 2254 motion will require an advance determination regarding the timeliness of his federal habeas petition.  Without the filing of a § 2254 petition, this Court lacks subject matter jurisdiction to grant relief.

### III.  RECOMMENDATION

This action should be **DISMISSED** for lack of jurisdiction.

**SO RECOMMENDED on this 14th day of March, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE